**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW VALENZUELA, | No. 20-55867 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-08410-CAS-SP |
| v. | |
| W. L. MONTGOMERY, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted April 10, 2023
Pasadena, California

Before: W. FLETCHER, BERZON, and MILLER, Circuit Judges.

Andrew Valenzuela appeals from the district court's denial of his petition for

a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253,

and we affirm.

We review de novo a district court's denial of a habeas petition. *Sanders v.*

*Cullen*, 873 F.3d 778, 793 (9th Cir. 2017). We "may affirm the district court's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

holding on any ground raised below and fairly supported by the record." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1030 (9th Cir. 2013) (quoting *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1226 (9th Cir. 2009)).

Under the Antiterrorism and Effective Death Penalty Act, a federal habeas petitioner must show that the state court's adjudication of the merits of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Because the California Supreme Court summarily denied Valenzuela's petition, we look "to the last . . . state-court decision that . . . provide[s] a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018); *see also Montiel v. Chappell*, 43 F.4th 942, 958 (9th Cir. 2022), *petition for cert. filed*, No. 22-6570 (Jan. 11, 2023). The last state-court decision to provide a rationale for rejecting Valenzuela's claim was the decision of the California Court of Appeal.

1. The California Court of Appeal held that the trial court adequately instructed the jury that duress is a defense to kidnapping, and thus to felony murder predicated on kidnapping. "Under the Due Process Clause of the Fourteenth Amendment, . . . criminal defendants [must] be afforded a meaningful opportunity

to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). A criminal defendant is thus entitled to "an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988).

First, there is no evidence that Valenzuela was under duress when he committed the crime of kidnapping, so any error regarding the application of the duress instruction to the kidnapping charge could not possibly have been prejudicial. Second, the trial court made clear to the jury that duress is a defense to kidnapping. Specifically, the court instructed that "[a] person is not guilty of a crime other than malice murder when he engages in conduct, otherwise criminal, when acting under threats and menaces" to his life. As the Court of Appeal explained, "[b]ecause kidnapping is a 'crime other than malice murder,' this general instruction regarding the duress defense by its plain terms applied to the crime of kidnapping." Valenzuela thus received an instruction that covered his duress defense to kidnapping and, by extension, to felony murder predicated on kidnapping. No clearly established federal law states that he was entitled to an even more specific instruction or that the trial court was obligated to arrange the instructions to give greater prominence to the availability of the duress defense.

2. Valenzuela requested a special instruction that "[a]lthough duress is not an affirmative defense to murder, the circumstances of duress are relevant to

3

whether the evidence establishes the elements of premeditation or implied malice." We need not consider Valenzuela's claim that the trial court's refusal to give that instruction was constitutional error. Even assuming error, Valenzuela cannot establish prejudice.

Where, as here, a habeas petitioner alleges a trial error, the petitioner must show that the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). "A 'substantial and injurious effect' means a 'reasonable probability' that the jury would have arrived at a different verdict had the instruction been given." *Byrd v. Lewis*, 566 F.3d 855, 860 (9th Cir. 2009) (quoting *Clark v. Brown*, 450 F.3d 898, 916 (9th Cir. 2006)).

The jury specifically found that Valenzuela killed David Padilla while engaged in the crime of kidnapping, and the jury was instructed that "[t]he unlawful killing of a human being . . . which occurs during the commission or attempted commission of the crime of kidnapping is . . . murder of the first degree when the perpetrator had the specific intent to commit [kidnapping]." Thus, even if the trial court had given Valenzuela's special duress instruction, and even if that instruction had led the jury to conclude that Valenzuela lacked the mens rea for first-degree malice murder, Valenzuela would still have been convicted of first-degree murder under a felony-murder theory. There is, therefore, no "'reasonable

4

probability' that the jury would have arrived at a different verdict had the instruction been given." *Byrd*, 566 F.3d at 860 (quoting *Clark*, 450 F.3d at 916).

**AFFIRMED.**